FILED

July 29, 2010

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0002812809

Beth Maxwell Stratton (SBN 138049)
THE STRATTON LAW FIRM
829 N. Van Ness Ave.
Fresno, CA 93728
Telephone: (559) 441-4233
Facsimile: (559) 441-4234

Attorneys For James E. Salven, Trustee

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| In the Matter of | Case No. 09-19757-A-7 |
| RONALD IRA THOMPSON and MARICRUZ THOMPSON, | Chapter 7 |
| Debtor. | DC. No. BMS - 2 |
| | **TRUSTEE'S MOTION:** |
| | **1. TO SELL THE ESTATE'S INTEREST IN REAL PROPERTY; AND** |
| | **2. TO APPROVE COMPROMISE OF CONTROVERSY** |
| | Date: September 1, 2010 |
| | Time: 9:00 a.m. |
| | Dept: A, Hon. Whitney Rimel |

James E. Salven, Chapter 7 Trustee ("Trustee") in the above-referenced case, respectfully moves the Court for an order authorizing the sale of the estate's interest in real property which is the subject of the adversary proceeding filed herein and for an order approving the compromise of the controversy between Trustee and Robert & RoseMarie Thompson, which is the subject of the adversary proceeding. The motion is based upon this motion, notice of motion, Trustee's declaration, and memorandum of points and authorities, filed herewith, and the following grounds:

    1.    This case was commenced by Ronald & Maricruz Thompson ("Debtor") under Chapter 7 of Title 11 of the United States Code on October 9, 2009. Trustee

1

1   was duly appointed as trustee in said case on said date.

2       2.    This court has jurisdiction over this matter pursuant to the general grant

3   of jurisdiction of 28 U.S.C. §1334. The matter is a core proceeding as defined by 28

4   U.S.C. §157(b)(2)(A), (N) and (O).

5       3.    Trustee determined that the bankruptcy estate had an undivided

6   ownership interest in certain real property consisting of two parcels located in Bieber,

7   California, which is in the County of Lassen ("subject real property"). There was a

8   dispute as to whether the bankruptcy estate owned an undivided 1/2 interest or

9   whether it owned an undivided 1/3 interest in the real property. The other two

10  owners of the property are Robert & RoseMarie Thompson.

11      4.    Trustee filed an adversary proceeding against Robert & RoseMarie

12  Thompson, asking the court to determine the nature and extent of the bankruptcy

13  estate's ownership interest in the real property and further asking the court for an

14  order authorizing him to sell the co-owned property.

15      5.    Trustee has entered into an agreement with Robert & RoseMarie

16  Thompson whereunder they have agreed to purchase the bankruptcy estate's

17  ownership interest in the real property for the sum of $60,000, and the trustee shall

18  dismiss the adversary proceeding.

19      6.    Trustee believes that the compromise with Robert & RoseMarie

20  Thompson is reasonable and in the best interest of the estate for the following

21  reasons:

22          a.    Trustee estimates the value of the property between $175,000 and

23  $240,000. Given the type of property it is, it is very difficult to value.

24          b.    After 7-8% costs of sale, and legal fees and costs, Trustee

25  estimates that the estate is receiving a fair amount for the compromise of the division

26  issue.

27          c.    The division issue is created by ambiguous language on the deed

28  which conveyed the debtor his interest in the property. Testimony from the parties

2

1  involved in the transaction to clarify the ambiguity would likely be in favor of the

2  defendants since they are relatives of the debtors.

3          d.     Trustee will cease incurring legal fees and costs.

4      9.    The paramount interest of the estate and creditors justifies Trustee his

5  interest in the property for the sum of $60,000.00 in full satisfaction of the claims

6  made in the lawsuit, given the facts set forth above.

7      WHEREFORE, Trustee prays the Court authorize and approve the compromise

8  and authorize him to execute such documents as are necessary to effectuate the sale

9  and settlement agreement.

10

11  Dated:  July 27, 2010

12

13

14                Beth Maxwell Stratton, Attorney for
              James E. Salven, Chapter 7 Trustee

3